UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVIS, an individual,

       Plaintiff,

v.

DIJON JONES, an individual,

and

ZANE GARNSEY, an individual,

       Defendants.

Case No.: 1:26        -CV

Hon.

| | |
|---|---|
| William F. Piper (P38636)<br>William F. Piper, P.L.C.<br>9848 Portage Rd.<br>Portage, MI 49002<br>Phone: (269) 321-5008<br>Fax: (269) 321-5009<br>E-mail: wpiper@wpiperlaw.com<br>legal@wpiperlaw.com | |

**COMPLAINT**

The plaintiff William Davis, by and through his attorney, William F. Piper, PLC., for his complaint, states as follows:

**JURISDICTIONAL ALLEGATIONS**

1. The plaintiff William Davis is an African American man who lived in the City of Grand Rapids, County of Kent, State of Michigan, at all times relevant to this complaint.

1

2.      The defendants Dijon Jones and Zane Garnsey were police officers for the City of Grand Rapids Police Department in the County of Kent, State of Michigan, at all times relevant to this complaint.

3.      The events complained of occurred at or near the intersection of Wealthy Street and Sheldon Avenue, SE, in the City of Grand Rapids, County of Kent, State of Michigan, on December 24, 2024.

4.      The actions complained about in this lawsuit were committed by the defendants under color of state law but not under a legitimate exercise of governmental authority.

5.      The jurisdiction of this court arises under 28 USC § 1331 and 28 USC § 1343.

6.      The claims in this case arise in part under 42 USC § 1983.

7.      Certain of the causes of action alleged herein arise under the supplemental jurisdiction of this court to hear and try state law claims arising out of the same transactions and occurrences as the federal law claims.

**<u>COMMON ALLEGATIONS</u>**

8.      The plaintiff restates and realleges as though fully set forth herein paragraphs 1–7 of this complaint.

9.      Two Grand Rapids police officers initiated a traffic stop of Mr. Davis for running a stop sign at around 7:45 p.m. in a parking lot located at 427 Sheldon Ave., S.E.

10.      An officer asked Mr. Davis for his driver's license, but he did not provide it.

11.      Officer Zuby told Mr. Davis that he was under arrest, and he ordered him out of his car.

12.      Mr. Davis did not get out of his car.

13.      An officer broke a window of Mr. Davis's car and tried to pull him out of his car.

2

14. Mr. Davis did not move from his seat in his car, and he braced himself to avoid being pulled from his car, but he did not physically strike any officer.

15. By this time there were at least four officers total at the scene.

16. The defendant Jones instead of coordinating with the other officers present in an effort to safely remove Mr. Davis from his vehicle, or utilizing a taser on Mr. Davis before physically removing Mr. Davis from the vehicle, decided to act alone.

17. The defendant Jones punched Mr. Davis in the face 6 times, gratuitously and excessively.

18. The defendant Jones's punches to Mr. Davis's face caused Mr. Davis severe pain and injuries.

19. No other officer at the scene punched Mr. Davis.

20. Officer Zuby then used a taser on Mr. Davis.

21. The officers at the scene then pulled Mr. Davis out of his vehicle.

22. Officer Garnsey then gratuitously used his knee to strike the unarmed Mr. Davis in the chest and back at least twice, causing him extreme pain.

23. The officers then placed Mr. Davis in handcuffs.

24. As a result of the actions of the defendants set forth above, Mr. Davis suffered severe injuries, including a concussion, post-concussion syndrome, headaches, shoulder pain, neck pain, torso pain, and a loss of vision in an eye.

25. Mr. Davis was hospitalized as a result, and he has had continuing medical care.

26. In addition to his physical injuries and pain Mr. Davis suffered and will continue to suffer pain, emotional distress, a loss of enjoyment of life, and other damages.

## COUNT I – 42 USC § 1983 – EXCESSIVE FORCE

27. The plaintiff restates and realleges as though fully set forth herein paragraphs 1–26 of this

complaint.

28.    It is clearly established that police officers cannot use excessive force against a citizen during an arrest, even if the arrest is lawful.

29.    By punching Mr. Davis 6 times in the face, the defendant Jones used excessive force against Mr. Davis.

30.    The defendant Jones could not reasonably have believed that the force he used was constitutional or within the constitutional limits on the exercise of his authority under the Fourth and Fourteenth Amendments to the Constitution of the United States.

31.    By striking Mr. Davis with his knee at least twice while Mr. Davis was restrained, in the custody of other officers, and physically surrounded by them, the Defendant Garnsey used gratuitous and excessive force against Mr. Davis.

32.    The defendant Garnsey could not reasonably have believed that the force he used against Mr. Davis was constitutional or within the constitutional limitation on the exercise of his authority under the Fourth and Fourteenth Amendments to the constitution of the United States.

33.    The acts of the defendant officers described above violated the clearly established right of the plaintiff to be free from the excessive force described above.

WHEREFORE, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 USC § 1988, and any other relief this court deems fair and just.

## COUNT II – INTENTIONAL TORTS

34.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1–33 of this complaint.

35.    The acts of the defendants set forth above constitute assaults and batteries.

36.    As a result of the torts set forth above, the plaintiff suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate him for his injuries and damages past and future plus all recoverable interest, costs, attorney's fees and any other relief this court deems fair and just.

Dated: July 23, 2026                    WILLIAM F. PIPER, PLC.
                                                Attorney for Plaintiff

                                        By:    /s/ William F. Piper
                                                William F. Piper (P38636)
                                        BUSINESS ADDRESS:
                                                1611 W. Centre Avenue, Suite 209
                                                Portage, MI 49024
                                                (269) 321-5008

5